**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMSHED RAHIMKULOVICH RAHMATOV | : | |
| | : | |
| | : | |
| | : | |
| Petitioner, | : | 3:26-cv-553 |
| | : | **(JUDGE MARIANI)** |
| v. | : | |
| | : | |
| CRAIG LOWE, in his Official Capacity | : | |
| as Warden of the Pike County | : | |
| Correctional Facility *et al.*, | : | |
| | : | |
| Respondents. | : | |

**FILED**
**SCRANTON**

MAR 26 2026

PER_____
DEPUTY CLERK

## MEMORANDUM OPINION

### I.    BACKGROUND

On March 5, 2026, Petitioner Jamshed Rahimkulovich Rahmatov ("Petitioner"), a citizen of Uzbekistan residing in the United States since January 2021, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 8, 2022, Petitioner was arrested by the Federal Bureau of Investigation and charged with Hobbs Act extortion and money laundering. (Doc. 7 at 2). In November 2022, Petitioner pled guilty in the Southern District of New York and was sentenced to 66 months in prison. (*Id.*).

Petitioner was released from BOP custody on or about October 16, 2025, after completing his criminal sentence. (Doc. 1 at 2). That same day, Immigration and Customs Enforcement ("ICE") transferred Petitioner to the Pike County Correctional Facility within the Middle District of Pennsylvania where he remains detained. Two days prior to Petitioner's

release from BOP custody, an Immigration Judge ("IJ") ordered Petitioner's removal and that decision is pending before the BIA.

The Petition names as Respondents Craig Lowe, Warden of the Pike County Correctional Facility; Todd Lyons, Acting Director, ICE; Kristi Noem, Secretary of the United States Department of Homeland Security; Pamela Bondi, United States Attorney General; David O'Neill, Acting Field Office Director, ICE ERO Philadelphia Field Office; and the Department of Homeland Security. (Doc. 1 ¶¶ 5-10). Respondents are currently detaining Petitioner pursuant to 8 U.S.C. § 1226(c).

Petitioner challenges his prolonged immigration detention and contends his detention violates the Fifth Amendment's Due Process Clause. (*Id.* at 2). Specifically, he alleges that he has "been in continuous federal custody for more than four years" first under the BOP and then ICE "without any bond hearing or individualized determination of probable cause or dangerousness." (*Id.*). Petitioner "does not dispute his criminal conviction or removability." (*Id.*). Rather, Petitioner "seeks bond—not release—and an opportunity to pursue his pending asylum appeal with his family in the community." (*Id.*). Respondents oppose the Petition, claiming that his detention is not prolonged and comports with due process. (Doc. 7). In his reply, Petitioner states for the first time that "[t]he appropriate remedy is release with conditions of supervision, or, at a minimum, a bond hearing conducted by this Court and subject to this Court's direct oversight." (Doc. 8 at 2).

2

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

The question before the Court is whether Petitioner's prolonged immigration detention pursuant to 8 U.S.C. § 1226(c) violates his due process rights under the Fifth Amendment to the United States Constitution. "8 U.S.C. § 1226(c) requires the Government to detain immigrants with certain criminal convictions pending removal without bond hearings." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, __ F.4th __, 2026 WL 263483, at * 11 (3d Cir. Feb. 2, 2026). In *Jennings*, the Supreme Court held that "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 583 U.S. 218, 303, 138 S.Ct. 830 (2018). But as applied constitutional challenges to prolonged immigration detention, like those advanced here, are recognized by the United States Court of Appeals for the Third Circuit. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).

To determine whether prolonged detention is unreasonable, a "highly-specific-fact inquiry," this Court must consider "a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable."[1] *German Santos*, 965 F.3d at 210-11. "The most important factor is the duration of detention." *Id.* at 211. The Court must also consider: (1) whether the detention is likely to continue; (2) reasons for the delay, such as a detainee's request for continuances; and (3) "whether the alien's conditions of confinement are meaningfully different from criminal punishment."[2] *Id.* If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id* (citations omitted). "And as the length of detention grows, so does the weight that we give this factor." *Id.*

## Duration of Detention

Petitioner has been detained by Respondents since October 16, 2025. (Doc. 1 at 2). At the time he filed his Petition he had been detained for approximately 140 days, or 4

---

[1] "When an alien is first detained, we can presume that detention is needed to prevent flight or danger to the community." *German Santos*, 965 F.3d at 209 (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)). "The benefit of detaining these aliens as a class outweighs their short-term deprivation of liberty." *Id.* (citing *Chavez-Alvarez* 783 F.3d at 474). "Eventually, though, that burden 'outweighs a mere presumption that the alien will flee' or pose a danger." *Id.* (citing *Chavez-Alvarez* 783 F.3d at 474-75). At some point, "due process requires the Government to justify continued detention at a bond hearing." *Id.*

[2] The Court cannot hold a noncitizen's "good-faith challenge to his appeals or applications for relief" against him, otherwise that would effectively punish him for pursuing his legal rights and remedies. *German Santos*, 965 F.3d at 211. "Nor do we hold the agency's legal errors against the Government, unless there is evidence of careless or bad faith." *Id.*

months and 17 days.  As of the date of this writing, Petitioner has been detained for approximately 161 days, or 5 months and 9 days at the Pike County Correctional Facility.

"There is no presumption of reasonableness or unreasonableness of any duration." *German Santos*, 965 F.3d at 211.  The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable.   However, the Third Circuit finds that, "detention becomes more and more suspect after five months." *Id.* at 211. In *German Santos*, the Third Circuit held that "detention became unreasonable sometime between six months and one year" after it began. *Id.*

As Judge Munley recently recognized in a similar § 1226(c) case, "9.5 months is less than the periods typically found unreasonable in this district" and that *Yirenkyi*'s duration of detention "weighs against relief at this time." *Yirenkyi v. Hoover*, 2026 WL 268230, at *4 (M.D. Pa. Feb. 2, 2026) (collecting cases).  Here, Petitioner has been detained slightly over 5 months, and the Court finds that the duration of civil immigration detention weighs against relief at this time.

## Likelihood of Detention

Petitioner has established he is likely to stay detained for some time.  Petitioner's appeal of the IJ's removal order is currently pending before the BIA.  *See German Santos,* 965 F.3d at 212 ("This means he will stay in prison as long as it takes the Board to issue its decision.").  Further, if the BIA denies his appeal and affirms the order of removal, Petitioner may appeal that decision to the Circuit Court of Appeals, as he is entitled to.  8 U.S.C. §

1252(a). No final order of removal exists. Under these circumstances, the Court finds the second *German Santos* factor favors granting habeas relief. *See Joseph v. Warden*, 2026 WL 497532, at *2 (M.D. Pa. Feb. 23, 2026) ("The second factor, the likelihood that detention will continue, favors granting habeas relief. Joseph is appealing his removal order to the BIA, and expresses his intent to appeal to the Third Circuit if necessary.").

## Reasons for the Delay

The Court finds no party is responsible for any delay. Accordingly, this factor is neutral.

## Conditions of Confinement

The Court next finds that Petitioner's civil immigration detention at the Pike County Correctional Facility "is indistinguishable from criminal punishment." *German Santos*, 965 F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment). If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id*. at 211.

Weighing the *German Santos* factors, the Court finds that Petitioner's civil immigration detention under 8 U.S.C. § 1226(c) has become unreasonable. Petitioner has been detained over five months and has demonstrated that he is likely to be detained for an extended period of time, as his appeal to the BIA remains pending and he is likely to appeal any forthcoming BIA decision to the Circuit Court of Appeals. Moreover, because

Petitioner's detention looks penal, that tips the scales toward a finding that his detention has become unreasonable.    The next question is the appropriate remedy.

**Remedy**

Petitioners initially sought only a bond hearing, not his release from custody.  (Doc. 1 at 2).  The Third Circuit in *German Santos* found the appropriate remedy for prolonged civil immigration detention under 8 U.S.C. § 1226(c) was a prompt and individualized bond hearing.  In that bond hearing, "the Government must put forth clear and convincing evidence that continued detention is necessary."  *German Santos*, 965 F.3d 213.  Because this Court finds Petitioner's continued detention is unreasonable, at the bond hearing required by *German Santos* the Government "must show," by clear and convincing evidence, that Petitioner "would likely flee or pose a danger to the community if released."[3]

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted in part. Respondents shall provide Petitioner with an individualized bond hearing before an IJ within seven days of the date of the accompanying Order.  At that hearing, Respondents will bear the burden of establishing, by clear and convincing evidence, that Petitioner's continued detention is necessary because he presents a flight risk or danger to the community if released.

---

[3]    The Court will not order Petitioner released from custody, as he requests in his Reply.  Nor will it, as Petitioner requests, conduct the bond hearing itself.  The appropriate remedy for unreasonable prolonged civil immigration detention under 8 U.S.C. § 1226(c) is an individualized bond hearing before an IJ.  *German Santos*, 965 F.3d at 213.

7

Robert D. Mariani
United States District Judge

8